# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CRIMINAL CASE NO. 1:09cr102

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| **WILLIAM TILLMAN.** ) | |
| _____ ) | |

**THIS MATTER** is before the Court upon the Government's Motion for Emergency Relief [Doc. 32], filed March 18, 2011.

On December 16, 2009, the Defendant was charged in a bill of indictment with three counts of sexual exploitation of a minor, in violation of 18 U.S.C. § 2251(a), and one count of possessing materials containing images of the sexual exploitation of a minor, in violation of 18 U.S.C. § 2252(a)(4)(B). [Doc. 1]. On April 20, 2010, the Defendant pled guilty to all charges in the indictment. [Doc. 14]. On March 14, 2011, the Court sentenced the Defendant to 360 months' imprisonment on each of Counts 1, 2, and 3, to be served concurrently, and 84 months' imprisonment as to Count 4, to run consecutively, for a total of 444 months. [Doc. 34]. The

Court further ordered the Defendant to pay a $400.00 assessment and $142,422.87 in restitution. [Id.].

On March 18, 2011, the Government filed the present motion pursuant to the All Writs Act, 28 U.S.C. § 1651, asking the Court to (1) ensure that the Defendant is represented by counsel with respect to the issues of restitution; (2) enter an order restraining the Defendant from transferring, selling, liquidating, or otherwise depleting any of his assets; and (3) requiring counsel to produce information regarding the Defendant's assets so that the Government may execute on these assets. [Doc. 32 at 4]. For the reasons set forth below, the Government's motion is denied.

In support of its request for a restraining order, the Government cites only one case in which a restraining order was entered to prevent the dissipation of assets by a defendant. See United States v. Runnells, 335 F.Supp.2d 724 (E.D. Va. 2004). That case, however, is distinguishable from the case at bar. In Runnells, the defendants were convicted of wire fraud, racketeering, and related offenses. As part of their sentences, each defendant was ordered to pay $500,000 in restitution. Thirteen years later, the government had received less than $20,000 from the defendants. The government sought a restraining order pursuant to the All Writs Act. In

support of its motion, the government presented evidence that the defendants had made a recent purchase of a $419,000 house and were otherwise diverting and concealing assets and income. Id. at 725. Based on the evidence presented, the district court concluded that the defendants were diverting and concealing assets in order to avoid paying restitution and that a restraining order was necessary to effectuate its prior restitution order. Id. at 725-26.

Unlike the prosecution in Runnells, the Government in the present case has not presented any evidence that the Defendant has diverted or concealed any assets or income in order to avoid paying the ordered restitution. The only support offered for the extraordinary relief sought is the Government's representation that a "discussion" was overheard about the Defendant's efforts to transfer title or otherwise remove assets from discovery by the Government. This assertion of vague hearsay does not give the Court "reason to believe" that a restraining order is necessary to ensure the payment of restitution in this case. See United States v. Abdelhadi, 327 F.Supp.2d 587, 599 (E.D. Va. 2004).

The Government further requests that current counsel be retained or that different counsel be appointed so that the Government can collect

additional information about the Defendant's assets through counsel. This request is also denied. The Defendant has disclosed his interest in the various assets identified in the Government's motion. [See Presentence Report, Doc. 28 at 20]. If the Government requires further information regarding these assets, it can utilize the normal discovery procedure and devices available to it to obtain such information from the Defendant directly.[1]

**IT IS, THEREFORE, ORDERED** that the Government's Motion for Emergency Relief [Doc. 32] is **DENIED**.

**IT IS SO ORDERED.**

Signed: March 23, 2011

Martin Reidinger
United States District Judge

---

[1] The Court notes that defense counsel has moved to withdraw from further representation of the Defendant. [Doc. 33]. This motion will be held in abeyance until a notice of appeal is filed or the time for filing a notice of appeal has run.

4