| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Vs.** | ) | |
| | ) | **ORDER** |
| **WILLIAM TILLMAN,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**THIS MATTER** has come before the undersigned pursuant to a Motion to Appoint Guardian Ad Litem (#54) filed by Tiffany M. Mallory, Assistant United States Attorney. In the motion, the Assistant United States Attorney requests that a guardian ad litem be appointed to oversee the disbursement of restitution that was ordered to be paid to three minor children in the Judgment (#34) entered in this matter. The Court then held a hearing on the motion. Defendant was not present that the hearing, and his presence was not required by Rule 43(a) of the Federal Rules of Criminal Procedure because the subject of the hearing was in regard to a question of law. The Government was represented through AUSA John Pritchard at the hearing.

At the call of the matter, the undersigned questioned Mr. Pritchard regarding the purpose of the motion. The undersigned further presented questions of the Court for Mr. Pritchard which were:

(1) What are the names and dates of birth of the three minor children for which an appointment of a guardian ad litem was requested?

(2) Where are the three children located?

(3) What was meant by the phrase in paragraph 12 of the Government's motion, which states: "the Government had been unable to determine the current status of minor victims CV1 and CV2"?

(4) Has there been a legal guardian appointed for CV1 and CV2 as alleged in paragraph 10 of the motion, and is that guardianship still in force and effect?

(5) Is the Government requesting that three separate guardians ad litem be appointed for the three minor children or is the Government requesting the appointment of one guardian ad litem for all three children?

(6) Who does the Government propose would act as a guardian ad litem?

(7) From what funds would the services of the guardian ad litem be paid?

(8) Do the minor children have parents and what involvement do the parents of each of the minor children have in the lives of those children?

(9) Has the U.S. Attorney considered that any funds that would be paid for the children would, in all likelihood, be deposited with the Clerk of Superior Court of the county in which they live and held on interest as provided by N.C.G.S. § 35A-1227?

(10) Do any of the minor children receive benefits from the Department of

Social Services of the county in which they reside and has the U.S. Attorney discussed a guardianship for those children pursuant to N.C.G.S. § 35A-1220?

(11) Has the Government considered filing a motion in the cause concerning the guardianship of CV1 and CV2 as provided by N.C.G.S. § 35A-1207?

(12) Were civil actions filed on behalf of any of the three minor children against the Defendant William Tillman and if so, what was the result of those civil actions?

(13) In paragraph 17 of the motion, the Government alleges, "The guardian ad litem, in all respects, is competent and able to understand the ramifications of the settlement and release agreement, as well as the effect it would have upon his minor ward, and is competent and able to execute his duties accordingly". The Court questions as to what type of settlement and release agreement would be submitted in this matter in light of the fact that the funds to be paid to the minor children are amounts of restitution. Further, if civil complaints have not been filed on behalf of the minor children against Defendant, would the minor children have the right to bring such actions upon their attaining the age of majority?

(14) Who does the Government propose would act as guardian ad litem for these three children and should not a separate guardian ad litem be appointed for each minor child?

After reviewing these questions with Mr. Pritchard, he advised that he was not

prepared to answer the questions. The Court then instructed Mr. Pritchard to contact AUSA Mallory to see if she was prepared to appear and answer the questions of the Court. After returning from making his contact with Ms. Mallory, Mr. Pritchard advised the undersigned that Ms. Mallory was not prepared to answer the questions.

Due to the foregoing questions and other questions which the Court has in regard to the motion of the Government, the undersigned questions whether or not the Government is prepared to move forward in regard to their motion. The Court has further considered the fact that the Government is requesting that a guardian ad litem be appointed pursuant to Rule 17(c)(2) of the Federal Rules of Civil Procedure, which refers to the appointment of a guardian ad litem who may "sue" on behalf of a minor child in this matter. A civil action has not been brought in this matter to the knowledge of the Court and thus the Court questions whether or not there is authority to apply Rule 17 of the Federal Rules of Civil Procedure. Considering the foregoing, the undersigned has determined the Government is not prepared to move forward in regard to its motion and **DENIES** the motion **without prejudice**.

## ORDER

**IT IS, THEREFORE**, **ORDERED** that the Motion to Appoint Guardian Ad Litem (#54) is hereby **DENIED without prejudice**. The Government is instructed to report to this Court on or before **December 2, 2015** as to what investigation has

been made in this matter to answer the questions of the Court and the results of that investigation and to further report about what efforts have been made to insure the distribution of the funds due and payable to the three minor children in this matter which has been ordered to be paid as a part of restitution.

Signed: November 12, 2015

Dennis L. Howell
United States Magistrate Judge